IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY BELCHER,

        Plaintiff,

v.                                             CIVIL ACTION NO.   2:12-cv-01211

FLAGSTAR BANK, F.S.B., et al.,

        Defendants.


**MEMORANDUM OPINION AND REMAND ORDER**

    This illegal mortgage servicing lawsuit was originally filed in the Circuit Court of Kanawaha County, West Virginia on May 12, 2010, against Defendant Flagstar Bank, F.S.B., a Michigan bank, and Larry Wood, a West Virginian mortgage broker.  (Docket 1-1.)  On June 16, 2010, Defendant removed the case seeking to invoke this Court's diversity jurisdiction, notwithstanding the presence of a non-diverse defendant.  *See Belcher v. Flagstar F.S.B., et al*, Criminal Action Number 2:10-cv-00832, (S.D. W. Va.) (Docket 1.)  In support of removal, Defendant claimed that Plaintiff fraudulently joined Mr. Wood to defeat removal of the case from state court.  (*Id.* at 3.)  On March 31, 2011, the Court granted Plaintiff's motion to remand the case to state court finding that Mr. Wood was not fraudulently joined.  (*Id.* at 19.)  Thereafter, the state court scheduled trial for April 2, 2012, and, over the course of the following months, the parties engaged in extensive discovery and motion practice.  (Docket 1-1 through 1-9.)  Shortly before trial (in late March 2012), Plaintiff voluntarily dismissed the non-diverse Defendant, Larry Wood, from the lawsuit.  (Docket 1-8 at 17.)  Then, on April 18, 2012, almost two years after the

filing of the initial complaint, Defendant Flagstar Bank removed the case from state court once again seeking to invoke this Court's diversity jurisdiction. (Docket 1.) On May 21, 2012, Plaintiff again moved to remand the case contending, in part, that 28 U.S.C. § 1446 prohibited removal of this case because the basis for jurisdiction was diversity under 28 U.S.C. § 1332 and § 1446 bars removal of diversity cases "more than 1 year after commencement of the action." (Docket 6.) The Court later denied the motion on procedural grounds, namely, that the motion was untimely filed, and did not address the merits of Plaintiff's remand argument. (Docket 18.)

## II.  DISCUSSION

If at any time before final judgment it appears that a district court lacks subject matter jurisdiction, the court must remand the case. 28 U.S.C. § 1447(c). "A federal district court has the duty continually to reexamine the basis for its jurisdiction over a case after that case has been removed from state court." *Weekly v. Olin Corp.*, 681 F. Supp. 346, 348 (N.D. W. Va. 1987). Removal jurisdiction is strictly construed because it raises significant federalism concerns. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted). If federal jurisdiction is doubtful, remand is necessary. *Id.* (citations omitted). The burden of establishing federal jurisdiction is placed upon the party seeking removal. *Id.*

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441(a), which provides:

> (a) .Except as otherwise expressly prohibited by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Congress addressed situations where a case, which was initially non-removable but later became removable, in 28 U.S.C. § 1446(b) (1996).[1] That statute provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Section 1446(b) is an "absolute bar" to removal of diversity-based cases more than one year after a case has commenced. *Lovern v. General Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997); *Snyder v. Bannan*, Civil Action No, 5:11cv19, 2011 WL 1322317 at *1 (N.D. W. Va. April 6, 2011) (Stamp, J.) (citing *Lovern*). "An 'absolute bar' to removal is necessarily 'inflexible.'" *Id.* (quoting *Lexington Market, Inc. v. Desman Assoc.,* 598 F. Supp.2d 707, 712 (D. Md. 2009)).

Further, "[i]n determining when an action has 'commenced' for the purposes of § 1446(b), federal district courts look to the law of the state from which the action originated." *Taylor v. Bright*, No. 2:10-cv-1300, 2011 WL 1565899 at 3 (S.D. W. Va. April 25, 2011) (Copenhaver, J.) (citation omitted). Under West Virginia law, "[a] civil action is commenced by filing a complaint with the court." W. Va. R. Civ. Pro. 3(a).

Nowhere in § 1446(b)—or elsewhere in the United States Code—is there a provision that permits resetting § 1446(b)'s one-year time period based on amendments subsequently made to the

---

[1] The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 1, 125 Stat. 758 (2011) (the "2011 Act") amended several provisions of Title 28, including § 1446. Under the current version of § 1446, which became effective on January 8, 2012, there is an exception to the one-year bar to removal in cases where the Court determined that the Plaintiff acted in bad faith to prevent a Defendant from removing the case. *See* 28 U.S.C. § 1446(c)(1). Section 105 of the 2011 Act expressly states that the amendment "shall apply to any action or prosecution commenced on or after" the effective date of the amendments. Because this case commenced in 2010, the 1996 version of § 1446 governs this analysis.

3

original complaint. This case commenced in state court on May 12, 2010, and because there was a properly joined non-diverse defendant, it was not removable at that time. Following dismissal of the non-diverse defendant in the state case in April 2012, Defendant promptly removed the case to this Court. But, because this removal occurred more than one year after commencement of state case, removal is barred by § 1446(b), and the Court lacks subject matter jurisdiction over this case.

### III. CONCLUSION

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 12, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE